### HALL *& a. v.* BRACKETT *& a.*

An assignee of an insolvent savings-bank may maintain an action in his own name as such assignee upon the bond of the treasurer.

A person is not disqualified from acting as attorney for the assignee of an insolvent savings-bank, in a suit upon the treasurer's bond, by reaton of having acted as commissioner to examine and allow claims against the bank.

DEBT, on the bond of the defendant Brackett, as treasurer of the Carroll County Five Cents Savings-Bank.    The action is brought in the names of the plaintiffs as assignees of the bank in insolvency.    The defendants object that the action should be brought in the name of the bank.

The defendants also object that Mr. Wiggin is disqualified from acting as counsel for the plaintiffs, by reason of having acted as commissioner in the insolvency proceedings to examine and allow the claims against the bank.    They maintain that as commissioner he was required to determine the validity of certain claims against the bank connected with matters in controversy in this suit, and that in his official position as commissioner he has obtained information from the defendants in the nature of privileged communications; but it is not claimed that the defendants made any private or confidential communications to him.

The questions raised by the foregoing objections were reserved.

*J. G. Hall* and *J. F. Wiggin,* for the plaintiffs.

*G. Marston, W. J. Copeland,* and *E. C. Banfield,* for the defendants.

SMITH, J.    It is made the duty of the assignee of an insolvent bank to take possession of the property, rights, and credits of the

bank, and demand, receive, sue for, and recover the same. G. L., c. 166, s. 14. The statute is sufficient authority for bringing this action in the name of the assignees as such. All the property of the bank is held by them in trust. The legal estate is in them, and the equitable interest is in the creditors and depositors. The bank has been practically dissolved, except so far as may be necessary for the purpose of carrying into effect the objects of the assignment, and as a corporation it has no interest, legal or equitable, in any of the property. *In re White Mountains Bank*, 46 N. H. 143, 144, 145.

No person shall act as attorney in any cause in which he has acted as judge. G. L., c. 218, s. 8. The claims which it was the duty of the commissioner to examine and allow, were claims between the several creditors on the one side and the bank on the other. The claim in this suit is the bond given by the defendants to the bank for the faithful performance by the treasurer of his duties,—a claim which was in no way before the commissioner for determination. It is not the same action nor the same cause of action as the claims determined by the commissioner, nor is it connected with them, nor are the parties the same, nor are they privies. The judgments rendered by the commissioner (so far as they may be called judgments) are not binding upon the defendants, and cannot be used as evidence against them. They were not parties to the claims adjudicated by the commissioner, and are not bound by the adjudication.

Whatever communications were made to the commissioner while acting as such were made to him while in the discharge of his official duties, and it does not appear that they were or could be privileged; and Mr. Wiggin is not disqualified from acting as counsel for the plaintiffs in this suit.

*Case discharged.*

CLARK, J., did not sit: the others concurred.